UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARA BEAL, Personally and in Her capacity as Guardian/ Conservator of GLENN BEAL, and CLARA BEAL, Individually,<br><br>    Plaintiff,<br><br>vs.<br><br>CANADIAN NATIONAL RAILROAD and/or NORTH AMERICAN RAIL SOLUTIONS, LLC and/or FLINT RAIL SOLUTIONS, LLC, GENERAL MOTORS COMPANY, and/or GENERAL MOTORS CORPORATION, and/or GENERAL MOTORS, LLC, DESHAN IJUAN POLK, and TANESCIA SHAFONE RUSSEY,<br><br>    Defendants. | Case No: |

**<u>GENERAL MOTORS LLC'S NOTICE OF REMOVAL</u>**

Defendant General Motors LLC ("New GM") through its attorneys, COLLINS EINHORN FARRELL PC, hereby removes this action from the Genesee County Circuit Court to the United States Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1452, and Bankruptcy Rule 9027. In support of this removal, New GM states as follows:

## BACKGROUND

1. On September 17, 2019, New GM was served with a Summons and Complaint in an action styled as *Clara Beal, Personally and in her capacity as Guardian/Conservator of Glenn Beal, Individually*, v *Canadian National Railroad, et al.*, Case No. 19-113209-NI, filed on August 22, 2019 in the Genesee County Circuit Court (the Action"). Copies of the Summons and Complaint are attached hereto as **Exhibit A**.

2. This is an action allegedly arising out of a September 1, 2016 incident. Plaintiff's ward, Glenn Beal, was a pedestrian who was struck by motor vehicles operated by Defendant Polk and Defendant Russey. Plaintiff has filed automobile negligence actions against Defendant Polk and Defendant Russey. Defendant Polk was allegedly operating a motor vehicle that he unlawfully stole from the lot it was stored in. That lot was operated by North American Rail Solutions and is located on the premises owned by General Motors. Plaintiff has asserted liability against Defendants NARS and GM related to Mr. Polk's theft of the vehicle.

3. While Plaintiff's complaint is vague and ambiguous, Plaintiff appears to seek damages against New GM against, in general, based on negligence.

4.     Plaintiff has also brought this action against General Motors Corporation, making the same allegations as against New GM.

## BASIS FOR REMOVAL

5.     This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

6.     On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached hereto as **Exhibit B**, ¶ 7.  The 363 Sale was

consummated on July 10, 2009. Ultimately, certain assets of Old GM were transferred to New GM and New GM also assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

7. Although New GM's purchase of Old GM's assets closed on July 10, 2009, Old GM's bankruptcy case is still open. Thus, by expressly naming Old GM as a defendant in this action, Plaintiff has brought this action against a debtor in bankruptcy. *See* Complaint.[1]

8. This case is a civil proceeding that arises under 11 U.S.C. §§ 101 *et seq.*; arises in a case under the Bankruptcy Code; and/or is related to a case under the Bankruptcy Code because Plaintiff has named a debtor in bankruptcy. Federal jurisdiction is proper where any recovery could affect the value of the bankruptcy estate. *In re Dow Corning Corp.*, 86 F.3d 482, 489-90 (6th Cir. 1996), citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being

---

[1] Old GM was dissolved on December 15, 2011. Notwithstanding this fact, because Plaintiff has named Old GM and because its bankruptcy case remains open, federal court jurisdiction is proper, as set forth in ¶ 8, *infra*.

- 4 -

administered in bankruptcy.") (emphasis omitted), overruled in part on other grounds by *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 124-25 (1995); *In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) (same); *Zerand-Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that were it not for bankruptcy, would be ordinary standalone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court"); *Coar v. Nat'l Union Fire Ins. Co.,* 19 F.3d 247, 249 (5th Cir. 1994) (possibility that damages award would be paid by the debtors estate was sufficient to establish federal jurisdiction); *In re Scanware, Inc.,* 411 B.R. 889, 894-95 (Bankr. S.D. Ga. 2009) ("There is no question that the underlying state court action against Debtor is at least 'related to' Debtor's bankruptcy. A finding against Debtor would alter its rights, liabilities, options, and freedom of action and impact the administration of its bankruptcy estate."). *See also Tomassi v. MDS, Inc.,* No. 5:12-CV-00201, 2013 U.S. Dist. LEXIS 54719, at *4-6 (W.D. Ky. April 16, 2013) ("The Sixth Circuit has adopted the expansive definition of a 'related to' proceeding. . . . The Court finds the instant case is 'related to'

Plaintiff's bankruptcy because, first, it could conceivably impact the handling and administration of the bankrupt estate.").

9. As such, this case arises under the Bankruptcy Code, arises in a case under the Bankruptcy Code, and/or is related to a case under the Bankruptcy Code because Plaintiff has named a debtor in bankruptcy, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and/or 1441(b) and/or Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

10. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on August 22, 2019, and New GM was served with the Summons and Complaint on September 17, 2019. See **Exhibit A**.

## VENUE

11. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Genesee County Circuit Court, which lies within the United States District Court for the Eastern District of Michigan, Southern Division. 28 U.S.C. § 93(a)(1).

12. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court over which the United States District Court has original jurisdiction may be removed to the District Court embodying the place where such action is pending. Because Plaintiff's Complaint was filed in the Genesee County Circuit Court, the Eastern District of Michigan, Southern Division has removal jurisdiction over the matter. Thus, venue of this removed action is proper in this Court.

## CONSENT

13. This action is being removed on the basis of bankruptcy jurisdiction. Thus, the consent of all properly joined and served defendants is not required. In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 330 (S.D.N.Y. 2003) ("It seems clear that Section 1452(a) does not require the defendants' unanimous consent to removal.").

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. A copy of pleadings filed in the Action are attached hereto as **Group Exhibit C**.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court of Genesee County, where this case was originally filed.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Genesee County Circuit Court, be removed to this Court, and that no further proceedings be had in the Genesee County Circuit Court.

Respectfully submitted,

COLLINS EINHORN FARRELL PC

BY: */s/ Matthew S. LaBeau*
Matthew S. LaBeau (P69730)
Attorney for Defendants NARS and GM
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: October 17, 2019

---

**PROOF OF SERVICE**

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON OCTOBER 17, 2019, BY:

\_\_\_\_U.S. MAIL   \_\_\_\_\_ FEDERAL EXPRESS   \_\_\_\_\_ E-MAIL   \_\_\_\_\_HAND DELIVERY
\_\_\_\_\_FAX   _X_   E-FILE & SERVE

SIGNATURE: */s/ Julie A. Staley*
JULIE A. STALEY

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

CLARA BEAL, Personally and in
Her capacity as Guardian/
Conservator of GLENN BEAL,
and CLARA BEAL, Individually,

    Plaintiff,

vs.

CANADIAN NATIONAL RAILROAD and/or NORTH
AMERICAN RAIL SOLUTIONS, LLC and/or FLINT RAIL
SOLUTIONS, LLC, GENERAL MOTORS COMPANY, and/or
GENERAL MOTORS CORPORATION, and/or GENERAL
MOTORS, LLC, DESHAN IJUAN POLK, and TANESCIA
SHAFONE RUSSEY,

    Defendants.
_____/

Case No: 19-113209-NI
Hon. David J. Newblatt

| | |
|---|---|
| LAW OFFICES OF HENRY M. HANFLIK, PC | COLLINS EINHORN FARRELL PC |
| HENRY M. HANFLIK (P14600) | MATTHEW S. LABEAU (P69730) |
| KURTIS L. V. BROWN (P42942) | Attorneys for Defs. NARS and GM |
| Attorneys for Plaintiff | 4000 Town Center, 9th Floor |
| 1380 S. Linden Road | Southfield, MI 48075 |
| Flint, MI 48532 | (248) 355-4141 |
| (810) 720-4000 | |

_____/

**NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT**

TO:   The Clerk of the Genesee County Circuit Court, the Honorable Judges of the Circuit Court of the Genesee County Circuit Court, and the Plaintiff's Counsel of Record

    PLEASE TAKE NOTICE that Defendant GENERAL MOTORS, LLC filed a Notice of Removal of the above-numbered and captioned action with the United States

District Court for the Eastern District of Michigan. A copy of the Notice of Removal is attached as Exhibit 1.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of such Notice with this Court, effectuates the removal of this action and this Court may proceed no further unless or until the case is remanded.

Respectfully submitted,

COLLINS EINHORN FARRELL PC

BY: _____
Matthew S. LaBeau (P69730)
Attorney for Defendants NARS and GM
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: October 16, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on
__10/17/19__

By: _X_ U.S. Mail ___ Fax ___ Hand Delivery

Signature: _____
Julie A. Staley

---

- 2 -